**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATT GORCZYCA, GARY SCHETTINI, and LINDA HINTZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 22-cv-04623 |
| Plaintiffs, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| WEBER-STEPHEN PRODUCTS LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Matt Gorcyzca of New York, Gary Schettini of Massachusetts, and Linda Hintz of Illinois bring this class action lawsuit against defendant Weber-Stephen Products LLC ("Weber"), claiming that Weber's product warranty contains an unlawful provision. Plaintiffs allege that Weber's use of this warranty violates the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, and the consumer protection laws of each plaintiffs' home state, New York (the New York General Business Law § 349), Massachusetts (Mass. Gen. Laws Ch. 93A *et seq.*) and Illinois (the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.*).[1] Plaintiffs also bring state law fraud, fraudulent omission, and unjust enrichment claims against Weber. Weber moves to dismiss plaintiffs' amended complaint. For the following reasons, the Court grants Weber's motion [27].

**Background**

The following facts are taken as true for the purposes of this Opinion. Gorczyca, Schettini, and Hintz each purchased a Weber-brand product subject to a Weber warranty. This warranty includes a provision, more commonly referred to as a "tying provision," stating:

---

[1] Plaintiffs' complaint also includes a request for a declaratory judgment but plainitfffs did not contest defendant's request to dismiss this count.

> The use and/or installation of parts on your WEBER product that are not genuine
> WEBER parts will void this Warranty, and any damages that result hereby are not
> covered by this Warranty. Any conversion of a gas grill not authorized by WEBER
> and performed by a WEBER authorized service technician will void this Warranty.

The warranty also provides that Weber may ask purchasers to return parts for inspection. Plaintiffs allege that this would require those wishing to use the warranty to "at the very least pay postage and milage fees." The limited warranty is referenced on the outside of product packaging, but the tying provision itself is not. Rather, the full warranty is available on Weber's website.

Gorcyzca purchased a Weber grill in March 2021. According to Gorcyzca, after he reviewed the product's packaging which indicated that the grill had a warranty, he believed the warranty was compliant with law and that he would be able to self-repair the product. He claims that the allegedly unlawful warranty provision was only made apparent to him after he purchased and opened the product. Schettini purchased a grill in February 2019 and had a similar experience; he purchased the grill online believing its warranty complied with law, but later found out that it did not. In addition, he maintains that his grill began to malfunction after purchase—specifically, the flavor grates on the grill had rusted, the igniter stopped working, and the product was not able to hold up its gas tank. When Schettini contacted Weber to request a repair, Weber provided replacement parts that Schettini claims were insufficient to remedy the problem. Schettini thus argues he was left with a Hobson's choice: repair the grill himself and void the warranty or continue to use a malfunctioning product. Lastly, Hintz similarly purchased a grill in May 2020 upon the belief she could repair the product if it malfunctioned. She had a similar experience to Schettini: the so-called "flavorizer" bars on her grill stopped working and began to catch fire. Upon contacting Weber, Weber allegedly did not honor the warranty and instead told Hintz that the bars simply needed to be cleaned. According to Hintz, this left her with the same Hobson's choice. No plaintiff alleges they read the warranty before purchase.

2

Plaintiffs maintain that the tying provision is unlawful and they would not have purchased the product—or at the very least would have paid significantly less for it—had they known about the unlawful provision.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## Discussion

Weber argues that plaintiffs' complaint must be dismissed in its entirety for several reasons. It claims plaintiffs fail to allege any actual damage from the unlawful warranty, defeating its claim under the MMWA and other consumer protection laws.[2] Because this issue is relevant to most of plaintiffs' claims, the Court considers this argument first.

---

[2] The Court notes that the MMWA lists its own jurisdictional requirements for bringing a case. 15 U.S.C. § 2310(d)(3). Plaintiffs here have asserted jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Defendant has not questioned jurisdiction. At least one other court in this district has concluded that the CAFA requirements preempt the MMWA requirements. *See Velez v. RM Acquisition LLC,* No. 21-cv-02779, 2023 WL 3043239, at *3–4 (N.D. Ill. Apr. 21, 2023) (Valderrama, J.). Because the Court dismisses the case on other grounds, it does not address whether the MMWA requirements are met or assess whether its jurisdictional requirements are preempted by CAFA at this time.

Under the MMWA, plaintiffs must allege an injury resulting from defendant's failure to comply with the Act. 15 U.S.C. § 2310(d). It is not enough, however, to be "a consumer who merely paid for a warranty that was technically illegal under the statute." *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 456 (D. N.J. 2010) (rev'd on other grounds) (internal citation omitted). Rather, plaintiffs must suffer actual damage resulting from the MMWA violation. *Id.* Gorcyzca, Schettini, and Hintz claim they have suffered actual damage in the form of an economic injury: they would not have paid, or would have paid significantly less, for the Weber products had they known about the unlawful warranty. They refer to this as a "price premium" theory of injury. Defendants argue that this theory is conclusory and that plaintiffs have failed to allege they suffered any injury resulting from the unlawful tying provision.

Plaintiffs contend the "price premium" theory of harm is recognized by courts as a cognizable injury. This may be true, but this theory of harm is more commonly invoked in cases where the alleged deception goes to the nature of the product itself. *See in re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 750–51 (7th Cir. 2011) (finding that a financial injury—"they paid more for the toys than they would have, had they known of the risks"—was sufficient); *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 986 (N.D. Ill. 2013) (Feinerman, J.) (concluding plaintiff had standing when he would not have paid the premium price if he had known a claim about the product—that it was #1 in odor control—was false). As one other court has pointed out, analysis on this theory of harm is "limited . . . in the context of an unlawful product warranty." *Shaughnessy v. Nespresso USA, Inc.*, 22 Civ. 6815 (NRB), 2023 WL 6038009, at *6 (S.D.N.Y. Sept. 15, 2023).

Given that this is a relatively novel issue, this Court considers out-of-district cases to see how those courts treat "price premium" injuries associated with unlawful warranties. A New York district court case, *Ghaznavi v. De Longhi America, Inc.*, No. 22 Civ. 1871 (KPF), 2023 WL 4931610

(S.D.N.Y. Aug. 2, 2023), is instructive.[3]  In *Ghaznavi*, a plaintiff alleged he purchased a coffee maker

without knowing that the coffee maker's warranty contained an unlawful tying provision.  After the

coffee maker began to slightly malfunction, plaintiff did not try to repair it himself in fear of voiding

the warranty.  *Id.* at *1–2.  In his lawsuit, he claimed he would not have purchased, or would have

purchased the coffee maker for less, had he known about the unlawful provision.  *Id.* at *2.  The

district court dismissed his complaint.  Plaintiff had failed to allege "concret[e]" harm because the

warranty was still operative and plaintiff had not faced any expense for complying with the warranty

or expressed any intent to void the warranty.  *Id.* at *5.  Specific to the "price premium" theory of

harm, the Court distinguished the case from deceptive labeling cases because the warranty here was

implicit, and not explicit, and the warranty's terms were known to plaintiff before purchase because

they were available online.  *Id.* at *6.  The Court thus concluded that the price premium injury was

not a cognizable form of injury and dismissed the MMWA claim as premature.  *Id.* Other courts

have reached similar conclusions.

> One New Jersey District Court noted:
>
> if plaintiffs allege an economic injury as a result of a purchasing decision, they must
> do more than simply characterize that purchasing decision as an economic injury [and]
> must instead allege facts that would permit a factfinder to determine, without relying
> on mere conjecture, that … plaintiff[s] failed to receive the economic benefit of [their]
> bargains.

*Konkel v. Brother Int'l Corp.*, No. 22-00479 (ZNQ)(RLS), 2023 WL 3585354, *5–6 (D. N.J. 2023)

(internal citation omitted) (concluding the price premium claim "lack[ed] factual allegations to

support that subjective statement").  The *Shaughnessy* Court determined that "[a] plaintiff alleging that

he would not have purchased the product or would have paid less in a warranty case does not

---

[3] The Court recognizes that several of these cases focus their analysis on Article III standing.  Weber indicates that its motion rests on statutory standing, and not Article III standing, suggesting that courts in this district treat the two differently.  *See Castillo v. Unilever United States, Inc.*, NO. 20 C 67786, 2022 WL 704809, at *4–*5 (N.D. Ill. Mar. 9, 2022) (Feinerman, J.).  Because the parties' confined their arguments to statutory standing, the Court focuses on whether plaintiffs have statutory standing to bring their claims.

experience a concrete economic injury unless the warranty was voided." *Shaughnessy*, 2023 WL 6038009, at *7. Although plaintiffs have identified a case where the price premium injury was found to be sufficient to bring an MMWA claim, there, plaintiff had tried to self-repair the deficiency and thus voided the warranty. *See Schaer v. Newell Brands, Inc.*, No. 3:22-cv-30004-MGM, 2023 WL 2033765, at *1 (D. Mass. Feb. 16, 2023).

This Court concludes that plaintiffs have not alleged an injury sufficient to bring an MMWA claim. Plaintiffs have not alleged that Weber voided their warranty, but rather speculates that it would void the warranty if plaintiffs were to engage in self-repair. An allegation on this basis, as currently stated, is speculative and indicates no concrete harm resulting from the alleged violation of the anti-tying provision. The Court notes that Schettini and Hintz maintain that their grills malfunctioned. However, they do not tie this malfunctioning to the allegedly unlawful warranty provision. Nor do plaintiffs allege Weber denied repairs; rather, Weber provided replacement parts to Schettini and explained how Hintz needed to clean her grill.

As for plaintiffs' price premium argument, the Court finds such that this theory is too conclusory to sustain their MMWA claim. The alleged warranty has no independent value through which this court could decern an alleged price "premium." The Court recognizes that a consumer may not want to buy a product that ultimately is deemed to have an unlawful warranty. But to bring a claim under the MMWA, the injury must be distinct from the statutory violation. Plaintiff cannot simply slap the label "price premium" in its complaint, without more, to transform the statutory violation into a cognizable injury. The Court finds plaintiffs' alleged loss, as it currently stands, is a threadbare conclusion lacking requisite support. *See Iqbal*, 556 U.S. at 678. This case is distinct from a product labeling case, where the nature of the deception impacts the consumer's belief about the quality of the product itself. Plaintiffs here allege no issue specific to the grills they purchased.

The Court finds plaintiffs have not demonstrated actual damage and have not stated a claim under the MMWA.[4]

For the same reasons, the Court dismisses the fraud and state consumer protection claims. Each claim requires plaintiffs to prove an actual injury separate from the statutory harms (such as voided warranty and payment to fix their grills), and for the reasons explained above, plaintiffs have not done so here. *See Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10 (1st Cir. 2017) (discussing how an "identifiable harm" separate from the violation itself is necessary to state a claim under Mass. Gen. Laws Ch. 93A); *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019) (dismissing an ICFA claim when plaintiffs' pecuniary loss was "quite vague" and they had not shown that the product was worth less than they paid for it); *Colella v. Atkins Nutritionals Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (discussing how "[s]imply . . . recit[ing] the word premium multiple times" does not make the N.Y. consumer fraud claim "any more cognizable" (internal citation omitted). Here, where the nature of the price premium is conclusory, the warranty lacked an allegedly independent value, and no warranty was voided, it is unclear how the plaintiffs lost the benefit of their bargain, particularly given that plaintiffs did not allege that they *read* the warranty before purchase. For the same reasons, the fraud claim must be dismissed as well. *See Castillo*, 2022 WL 704809, at *5 (dismissing common law fraud claim when plaintiff conclusorily alleged they "did not receive the benefit of their bargain").

As for the remaining claims, the Court dismisses the fraudulent omission claim because plaintiff has not shown a special relationship between Weber and plaintiffs creating a duty to disclose. *See Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1058 (N.D. Ill. 2022) (Durkin, J.). Furthermore, because the unjust enrichment claim regards the same conduct as the above claims, if

---

[4] Plaintiffs cite an Arkansas state court decision that found there was standing to bring the action. *Leflar v. Makita USA Inc.*, No. 43CV-22-377 (Ark. Circ. Ct. Nov. 3, 2022). This opinion provides no analysis for the court's conclusion and thus the Court does not find that it tilts the scales in plaintiffs' favor.

brought under Illinois law, it falls with those claims. *Benson,* 944 F.3d at 648. Even if pled under New York or Massachusetts law, the unjust enrichment claim fails because the claim is merely duplicative of plaintiffs' other claims and plaintiffs have an alternative, adequate remedy at law through their other claims. *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 512 (S.D.N.Y. 2018); *Pershouse v. L.L. Bean, Inc.*, 368 F. Supp. 3d 185, 190 (D. Mass. 2019).

**Conclusion**

For the above reasons, the Court grants defendants' motion to dismiss. Plaintiffs' complaint is dismissed without prejudice. The Court gives leave for plaintiffs to file an amended complaint; if one is not filed in thirty days, this dismissal converts to one with prejudice.

IT IS SO ORDERED.

Date: 9/20/2023

Entered:_____

SHARON JOHNSON COLEMAN
United States District Judge